UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

JUSTIN ACKER,

    Plaintiff,                      DEMAND FOR JURY TRIAL

-vs-                                        Case No.
                                         Hon.

ADMIRALTY DEVELOPMENTS CORP., *and*
JAMES ZIMMER,

    Defendants.

THERE IS NO OTHER PENDING OR RESOLVED CIVIL
ACTION ARISING OUT OF THE TRANSACTION OR
OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Justin Acker who resides in Marysville, Michigan in St. Clair County.

4. The Defendants to this lawsuit are as follows:

   a. Admiralty Developments Corp. ("ADC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. James Zimmer, an individual who owns and operates Admiralty Developments Corp. And conducts business at its main location and resides within the boundaries of this Court.

5. At all times relevant, the co-Defendants acted jointly and severally and are so liable herein.

**VENUE**

6. The transactions and occurrences which give rise to this action occurred in St. Clair County.

7. Venue is proper in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

8. On or about September 24, 2016, a certain 2008 Saturn Astra XR, VIN W08AT671485073960 ("the vehicle") was inspected in the State of Texas pursuant to that states motor vehicle code.

9. On that date, the vehicle's odometer read 64,589 miles.

10. Prior to and on February 15, 2018, Defendants advertised the vehicle for sale, and expressly represented in written advertisements that the vehicle had mileage of 64,251.

11. On or about February 15, 2018, Plaintiff purchased the vehicle from the Defendants for $6,339.00.

12. On or about February 15, 2018, Defendants represented that the vehicle's mileage was 64,261 actual miles; this representation was false and the defendants knew that it was false at the time it was made.

13. Specifically, on the Application for Title dated February 15, 2018 and provided to the Plaintiff, Defendants represented to the Plaintiff and certified to the State of Michigan that the vehicle was sold with 64,261 actual miles.

14. Upon information and belief, Defendants submitted a different Application for Title to the State of Michigan with no actual mileage listed.

15. Before executing the retail installment contract, ADC made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. That the vehicle had actual miles of 64,261.

16. Before executing the purchase agreement, ADC made the following specific representations which constituted express warranties:

    a. That the vehicle had actual miles of 64,261.

17. The vehicle did not meet ADC's specific representations which constituted express warranties.

18. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq*.

19. Defendants failed to apply for title within the time mandated by the Michigan Motor Vehicle Code.

## COUNT I -- Federal Odometer Act

20. Mr. Acker incorporates the preceding allegations by reference.

21. By failing to provide Mr. Acker with a legal and conforming odometer disclosure at the time of sale, Defendants have, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

22. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

23. The odometer statement presented to Mr. Acker did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Acker.

24. Defendants knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Acker.

25. Defendants failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

26. Upon information and belief, Defendants rolled back or otherwise tampered with the odometer before selling the vehicle to Mr. Acker.

27. Mr. Acker has suffered damages as a result of these violations.

## COUNT II -- Michigan Odometer Act

28. Mr. Acker incorporates the preceding allegations by reference.

29. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

30. The odometer statement presented to Mr. Acker did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Acker.

31. Defendants knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Acker.

32. Defendants knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Mr. Acker.

33. Mr. Acker has suffered damages as a result of these violations.

### COUNT III -- Violation of Michigan Consumer Protection Act

34. Mr. Acker incorporates the preceding allegations by reference.

35. Defendants are engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

36. Defendants engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    c. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    d. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

    e. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

    f. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or

5

        other performance, if the merchant knows or has reason to know that the statement is not true.

    g. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

    h. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

    i. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

37. Mr. Acker has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

38. Mr. Acker suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

### **COUNT IV -- Misrepresentation**

39. Mr. Acker incorporates the preceding allegations by reference.

40. The material representations were intended to induce the reliance of Mr. Acker.

41. The material representations did induce the reasonable reliance of Mr. Acker.

42. Defendants made the material representations with actual knowledge of their falsity.

43. Defendants made the material representations with reckless disregard to their truth or falsity.

44. Defendants made the material representations even though it should have known that they were false.

45. These actions constitute a misrepresentation upon Mr. Acker by Defendants.

46. Mr. Acker has suffered damages as a result of this misrepresentation.

47. As a result of this misrepresentation, Mr. Acker suffers continuing damages.

### COUNT V -- Breach of Contract

48. Mr. Acker incorporates the preceding allegations by reference.

49. ADC's tender of the performance did not conform to specific warranties made by Defendants at the time of delivery.

50. The failure of Defendants to deliver conforming goods and title constitutes a material breach of contract.

51. Mr. Acker has suffered damages as a result of this breach of contract.

52. Mr. Acker suffers continuing damages as a result of this breach of contract.

### COUNT VI -- Breach of Warranties

53. Mr. Acker incorporates the preceding allegations by reference.

54. Mr. Acker has suffered damages as a result of these breaches of warranty.

55. Mr. Acker suffers continuing damages as a result of these breaches of warranty.

### COUNT VII — Motor Vehicle Code Violations

56. Mr. Acker incorporates the preceding allegations by reference.

57. Defendants violated the Motor Vehicle Code by failing to apply for title within 15 days of delivering the vehicle to Mr. Acker as required by M.C.L. §257.235.

58. Defendants' failure to timely transfer title constituted a violation of M.C.L. §257.235.

59. Mr. Acker may void the contract of sale as a result ADC's violation of the Motor Vehicle Code.

60. Mr. Acker may void the contract of sale as a result ADC's violation of the Motor Vehicle Code under M.C.L. §257.251.

## JURY DEMAND

61. Justin Acker demands a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

1. *Assume jurisdiction over this case including all supplemental claims.*

2. *Award actual damages.*

3. *Award treble damages.*

4. *Award statutory and punitive damages.*

5. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Justin Acker
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone: (248) 746-3790
       Email: adamgtaub@clgplc.net

Dated: March 21, 2018