UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN ACKER,

      Plaintiff,                                   Case No. 18-cv-10920

v.                                                       Paul D. Borman
                                                     United States District Judge

ADMIRALTY DEVELOPMENT
CORP. and JAMES ZIMMER,

      Defendants.
_____/

## ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS (ECF NO. 8) AND (2) REQUIRING DEFENDANT ADMIRALTY DEVELOPMENT CORPORATION TO OBTAIN LEGAL COUNSEL ON OR BEFORE APRIL 22, 2019 OR FACE ENTRY OF A DEFAULT

On June 13, 2018, Defendants filed a motion to dismiss certain counts of Plaintiff's Complaint. (ECF No. 8.) Plaintiff filed a Response on July 2, 2018. (ECF No. 9.) Defendants did not file a Reply. The motion to dismiss, which has been fully briefed, is ready for resolution by the Court. The Court finds that the briefing adequately addresses the issues in contention and dispenses with a hearing. *See* E.D. Mich. L. R. 7.1(f)(2). For the reasons that follow, the Court DENIES the motion to dismiss.

Further, the Court ORDERS Defendant Admiralty Development Corp.

1

("Admiralty") to obtain counsel or face entry of a default. On October 3, 2018, after the pending motion to dismiss had been fully briefed, Plaintiff's counsel filed a motion to withdraw, which the Court granted on October 29, 2018, after holding a hearing. (ECF No. 15.) As discussed *infra*, a corporate entity cannot proceed without counsel in this Court. Although instructed to do so by the Court on numerous occasions, Admiralty has refused to obtain new counsel.

## I. BACKGROUND

Plaintiff filed a Complaint on March 21, 2018, alleging a host of claims related to Defendants' alleged tampering with the odometer on an automobile that Plaintiff purchased from the Defendants in 2016. The Complaint alleges that on or about September 24, 2016, a certain Saturn Astra XR, VIN W08AT671485073960 ("the Vehicle") was inspected in the State of Texas pursuant to that state's motor vehicle code and on that date the Vehicle's odometer read 64,589. (Complaint ¶ 8-9.) Prior to and on February 1, 2018, Defendants advertised the Vehicle for sale and expressly represented in written advertisements that the vehicle had mileage of 64,251. (Compl. ¶ 10.) On or about February 15, 2018, Plaintiff purchased the Vehicle from Defendants for $6,339.00. (Compl. ¶ 11.) Plaintiff alleges that this representation as to the mileage was false and Defendants knew it was false at the time it was made. Plaintiff alleges that Defendants made the same misrepresentation on the Application

for Title dated February 15, 2018, that was provided to the Plaintiff and certified to the State of Michigan. (Compl. ¶¶ 12-14.) Plaintiff alleges that Defendants submitted a different Application for Title to the State of Michigan with no actual mileage listed. (Compl. ¶ 14.) Plaintiff also alleges that Defendants breached certain express warranties related to the Vehicle. (Compl. ¶¶ 15-17.)

Plaintiff's Complaint alleges violations of the Federal and Michigan Odometer Acts (Counts I and II), the Michigan Consumer Protection Act (Count III), Misrepresentation (Count IV), Breach of Contract (Count V), Breach of Warranties (Count VI), and Violation of the Michigan Motor Vehicle Code (Count VII).

On June 13, 2018, Defendants filed a motion to dismiss a portion of Counts I and II of the Complaint, specifically seeking to dismiss Plaintiff's claim that Defendants violated the disclosure requirements of the Federal and Michigan Odometer Acts, relying on an exemption granted as to vehicles that are ten (10) years or older. The Defendants do not seek dismissal of Plaintiff's claims relating to allegations that Defendants tampered with the vehicle's odometer. (ECF No. 8, Motion to Dismiss 4, PgID 33.) For the reasons that follow, the motion is DENIED.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When

3

reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). Sixth Circuit "precedent instructs that, for a complaint to survive such motions, it must contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Buck v. City of Highland Park, Michigan*, 733 F. App'x 248, 251 (6th Cir. 2018) (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely

4

possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the

pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).

## III. ANALYSIS

### A. Plaintiff's Odometer Act Disclosure Claim

Plaintiff alleges that Defendants intentionally and knowingly tampered with the odometer on the Vehicle sold to him in 2016. The goals of the Federal Odometer Act are at least twofold:

> In passing the Odometer Act, and its predecessor, Congress sought "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701(b). To accomplish these express goals, the Act imposes various requirements on persons transferring motor vehicles. In addition to flat prohibitions on tampering with odometers, a transferor "of a motor vehicle [must] give the transferee a written disclosure (A) of the cumulative mileage registered by the odometer; or (B) that the mileage is unknown if the transferor knows that the mileage registered by the odometer is incorrect." 49 U.S.C. § 32705(a)(1). Transferors are prohibited from making false statements in these disclosures. See 49 U.S.C. § 32705(a)(2). Furthermore, Congress provided for criminal and civil penalties for violations of the Act, including a private civil action. See 49 U.S.C. §§ 32709-32710. Section 32710 states: "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $1,500, which ever is greater." 49 U.S.C. § 32710(a) (emphasis added).

*Nabors v. Auto Sports Unlimited, Inc.* 475 F. Supp. 2d 646, 649-50 (E.D. Mich. 2007).[1]

---

[1] The Michigan Odometer Act contains parallel provisions, as to both disclosure and tampering, and authorizes a private damages action, upon proof of "an intent to

Defendants move to dismiss only those claims related to Defendants' alleged failure to *disclose* the actual mileage on the Vehicle, and argue that Defendants were exempt from the disclosure requirements because the Vehicle was more than ten (10) years old when sold to the Plaintiff. Regulations promulgated pursuant to the Federal Odometer Act, and the Michigan Odometer Act, provide an exemption from the disclosure requirements of the Acts for vehicles that are over ten years old on the date of sale. *See* 49 U.S.C. § 32705(a)(5) and 49 C.F.R. § 580.17(a)(3); Mich. Comp. Laws § 257.233a(5)(c). *See Beam v. Domani Motor Cars, Inc.*, 922 F. Supp. 2d 1338, 1343 (S.D. Fla. 2013) ("Because the car at issue in this case was older than ten years at the time of sale, the Secretary's regulation exempts Defendant from the disclosure requirements, and the portion of Count I alleging a violation of Section 32705 must be dismissed.").[2]

---

defraud." Mich. Comp. Laws §§ 257.233a(1), (15). For purposes of this motion to dismiss, both the federal and state claims are resolved under the same standard. "Both the federal and state statutes require an intent to defraud." *Woodger v. Taylor Chevrolet, Inc.*, No. 14-cv-11810, 2015 WL 5026176, at *4 (E.D. Mich. Aug. 25, 2015).

[2] Both parties rely on *Beam* – Defendants for the proposition that the Vehicle is exempt because it was more than ten years old at the time of sale and Plaintiff for the proposition that the exemption for the age of the vehicle does not apply to the tampering provisions of the Federal or State acts. *Beam* does clearly support the proposition that the ten year age exemption "is immaterial to Plaintiff's claim that

There appears to be no dispute in this case regarding the age of the Vehicle and *Beam* clearly supports the Defendants' position that the age exemption would apply here to exempt the Vehicle from the disclosure requirements of the Act. However, in response to Defendants' motion to dismiss, Plaintiff cites authority for the proposition that where, as here, the seller of a vehicle that is more than 10 years old, and is otherwise exempt from the disclosure requirements of the Act, *does* make a statement regarding the mileage of the vehicle, although not required to do so, and that statement is *false*, the age exemption is waived and the seller is liable for the misrepresentation (assuming that the purchaser establishes an intent to defraud as required for any private damages action under the Act). The court addressed this very issue in *Coleman v. Lazy Days RV Center, Inc.*, No. 05-cv-00930, 2006 WL 889736 (M.D. Fla. March 31, 2006), concluding that although not obligated to do so, when a seller of an age exempt vehicle elects to disclose a mileage, it must do so accurately and truthfully:

> Even though it had no legal obligation to disclose an odometer reading to Coleman, Lazy Days did so. It seems clear to the Court that while the statutory exemption contained in 49 C.F.R. § 580.17 does not mandate that sellers of certain vehicles provide odometer disclosure statements to

Defendants rolled back the odometer." (Pl.'s Resp. 6, PgID 35). "[T]he language of the regulation exempting cars older than ten years from the disclosure requirements clearly limits the applicability of the regulation to the disclosure requirements." *Beam*, 922 F. Supp. 2d at 1344. However, because Defendants do not seek to dismiss Plaintiff's claims related to tampering, the Court need not delve into that issue at this stage.

8

> purchasers, when a seller does nevertheless voluntarily disclose, the statement must be accurate and truthful. Lazy Days has not met its burden under FED. R. CIV. P. 12(b)(6) to show that Coleman has failed to state a claim upon which relief may be granted.

2006 WL 889736, at *4. Defendants did not file a Reply and have not addressed this issue at all in their briefing. Therefore, Defendants have not demonstrated that they are entitled to dismissal of Plaintiff's disclosure claim at this stage of the proceedings. Defendants will not be precluded from raising this issue at a later stage of the proceedings.

### B. Defendant Admiralty Cannot Proceed Without Counsel

It is well established that a corporate defendant must be represented by an attorney in federal court proceedings and cannot be represented by one of its officers. *WB Music Corp. v. Port City Cruise Line, Inc.*, No. 09-cv-742, 2009 WL 3066663, at *1 (W.D. Mich. Sept. 22, 2009) ("'It has been the law for the better part of two centuries . . . that a corporation may in appear in court only through licensed counsel.'") (quoting *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993)) (collecting cases). Nor is there any authority permitting this Court to appoint counsel for Admiralty in this civil case. *Id.* ("The defendants are further advised that there is no authority allowing this court to appoint counsel for a corporation in a civil matter."). It is also well established that this Court has the power to *sua sponte* direct the clerk of the court to enter a default against a corporation that refuses to obtain

counsel and the Plaintiff may subsequently move for a default judgment. *Flagstar Bank, FSB v. A-1 Mortgage Services, Inc.*, No. 10-cv-11219, 2011 WL 282427, at *2-3 (E.D. Mich. Jan. 25, 2011) (court entered default following corporate defendant's failure to obtain counsel after being warned that a failure to obtain counsel would result in the entry of a default and subsequently granted plaintiff's motion for default judgment).

This Order acts as this Court's notice to Defendant Admiralty that Admiralty must obtain new counsel who must file an appearance in this Court on or before April 22, 2019, or a default will be entered.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 8) is **DENIED**.

Further, Defendant Admiralty is **ORDERED** to obtain counsel who must file an appearance in this Court on or before **April 22, 2019**, or a default will be entered against Admiralty.

IT IS SO ORDERED.

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: March 22, 2019